# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL, <br><br> Plaintiff, <br><br> vs. <br><br> STU SHERMAN, et al., <br><br> Defendants. | 1:17-cv-00547-AWI-BAM (PC) <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT <br><br> (ECF No. 1) <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff Madero Pouncil is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint filed on April 18, 2017. (ECF No. 1).

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Stu Sherman; and (2) Lieutenant D. Lopez.

Plaintiff alleges as follows:

> On 6-19-16, at about 8:20 P.M. I was denied my 3 meals a day, by Lt. D. Lopez, during my religious observance of Ramdan, while fasting. There was about seven other Muslims or more, when he was asked politely, "Could we recieve our food?" He said "No!" "Put it on paper! With a smile, we pleaded with him, "What gives you the athority to do this?" He stated, "A memo!" We stated "Show us this Memo.!" He said "I don't have to show you shit!" "Now leave!" The next night he knew he was wrong, he/Lt. D. Lopez, went out of his way to try and get the Islamic Minister to lie for him, and try to make it okay. When Staff didn't work with him, Lt. Lopez went out of his way to try and hurt staff or punished the minister too. Upon further questioning of Lt. Lopez's character, and

2

> how he carries himself, it should be noted. "That Lt. Lopez is constant in displaying a superiority complex, and has a history of going out of his way to abuse his athority, discriminate, and subjugate inmates. His actions are clear cases of Deliberate Indifference. The Warden, I believe has had many Complaints about this Lieutenant's actions, and failed to act.

(ECF No. 1 at p. 3) (unedited text). Plaintiff asserts violations of the Eighth and Fourteenth Amendments, along with a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc–1.

### III. Discussion

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding in pro se, he will be granted leave to amend his complaint to cure the identified deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards that are applicable to his claims.

#### A. Supervisory Liability

Plaintiff seeks to hold Warden Sherman liable for the failure of his subordinate to provide Plaintiff with meals on June 19, 2016, during Ramadan. To the extent Plaintiff seeks to bring suit against Warden Sherman based on his role as supervisor, he may not do so.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal

quotation marks omitted).

Although the complaint includes allegations that Warden Sherman received many complaints about Defendant Lopez's actions in general, there is no allegation in the complaint that Warden Sherman knew of Defendant Lopez's alleged denial of meals to Plaintiff in June 2016. There also is no allegation that Warden Sherman otherwise knew of Plaintiff's alleged requests for the missed meals or the alleged denial of those meals. To state a claim against any supervisory defendant, Plaintiff must allege facts showing that the defendant participated in or directed conduct that violated Plaintiff's constitutionally protected rights or implemented a deficient policy that was the moving force for a constitutional violation.

### B. Free Exercise Clause – First Amendment

"Inmates ... retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008).

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." Int'l Church of Foursquare Gospel v. City of San Leandro, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotations and citation omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Id. (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. (citation omitted).

Plaintiff's assertion that he was denied meals on one night of Ramadan does not allege that he was denied the opportunity to break his fast through other means or that he was denied the opportunity to break his fast for the entire month of Ramadan. In other words, Plaintiff's complaint does not sufficiently allege that the denial of meals one time was oppressive to a

significantly great extent. Plaintiff will be given leave to cure this deficiency.

### C. Eighth Amendment – Deprivation of Meals

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer, 511 U.S. at 847, and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety. Farmer, 511 U.S. at 832.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993). However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 812–13 (9th Cir. 2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

Plaintiff's allegations that he did not receive meals for one day are not sufficient to rise to the level of an Eighth Amendment violation. Plaintiff's complaint does not allege that he failed to receive food adequate to maintain his health or that he suffered a sustained deprivation of food. Plaintiff will be given leave to cure this deficiency to the extent he is able to do so in good faith.

### D. Fourteenth Amendment

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "The Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.' " Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321–22 (1972) (per curiam)). To state a claim, Plaintiff must allege facts sufficient to support a claim that prison

officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321–22; Shakur, 514 F.3d at 891.

Here, Plaintiff's complaint does not include any allegations regarding other similarly situated religious groups. Plaintiff's complaint also does not allege sufficient facts to demonstrate that he was denied the same opportunities as other inmates because of his religious beliefs. Plaintiff therefore fails to state an Equal Protection Clause claim.

### E. RLUIPA

Inmates' religious freedoms also are protected by the RLUIPA. However, RLUIPA does not authorize money damages against state officials, whether sued in their official or individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). Thus, Plaintiff may not maintain a RLUIPA claim for money damages. Instead, RLUIPA authorizes official capacity suits against government employees for prospective, injunctive relief. Sossamon v. Texas, 563 U.S. 277, 287-88 (2011); Wood v. Yordy, 753 F.3d 899, 902–04 (9th Cir. 2014). However, as for any request for injunctive relief, the court finds that Plaintiff's RLUIPA claim is now moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Williams v. Alioto, 549 F.2d 136, 140–41 (9th Cir. 1977). Plaintiff does not allege that there is an ongoing RLUIPA violation, thus he has no basis for injunctive relief. See Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (injunctive relief is only available if there is a real or immediate threat that the plaintiff will be wronged); Saif'ullah v. Albritton, et al., No. 15-CV-05600 LHK (PR), 2017 WL 6558719, at *11 (N.D. Cal. Dec. 21, 2017).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 31, 2018**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE