# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STU SHERMAN, et al.,<br><br>　　　　　Defendants. | 1:17-cv-00547-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Madero Pouncil is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. On January 31, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 12.) Plaintiff's first amended complaint, filed on February 26, 2018, is currently before the Court for screening. (ECF No. 13)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names Lieutenant D. Lopez as the sole defendant.

Plaintiff alleges as follows:

On 6-19-16 while observing and participating in the fasting portion of Ramadan, it came a time to break our fast, as we had done every night prior to this particular one. Lt. D. Lopez chose to deny us/myself entry into the chow hall. We asked "Why?" He said "Because of a memo!" We said, "Show us the memo!" He refused, and said, "I don't have to show you shit! Now leave, and I'm not feeding you." Another Muslim [hollered] out, "You can't do, that! You must feed us."

| | |
|---|---|
| 1 | Lt. D. Lopez stated "I do what the fuck I want to do, if you have a problem with it, put it on paper. Have a nice night!" The next night the Imam/Muslim Spiritual Showed up. Lt. D. Lopez, went out of his way to lie to him, and try to sway him to go along with what he did, knowing he was wrong. When the Imam, didn't go along with his action and "confirmed his wrong doings." Lt. D. Lopez, went out his way to try and get the Imam fired. Lt. D. Lopez, doesn't care of about 602's/Inmate appeals, or staff complaints, because around here at S.A.T.F., they mean nothing. Staff is not corrected, or punished, and 602's are delayed and never answered. |

(ECF No. 13 at 3-4). Plaintiff asserts violations of the Eighth and Fourteenth Amendments. As relief, he seeks monetary damages.

### III. Discussion

#### A. Free Exercise Clause – First Amendment

"Inmates ... retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008).

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." Int'l Church of Foursquare Gospel v. City of San Leandro, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotations and citation omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Id. (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. (citation omitted).

Plaintiff's assertion that he was denied meals on one night of Ramadan does not allege that he was denied the opportunity to break his fast through other means or that he was denied the opportunity to break his fast for the entire month of Ramadan. In other words, Plaintiff's complaint does not sufficiently allege that the denial of meals one time was oppressive to a

significantly great extent.  Plaintiff has been unable to cure this deficiency.

### B. Eighth Amendment – Deprivation of Meals

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer, 511 U.S. at 847, and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety.  Farmer, 511 U.S. at 832.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993).  However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 812–13 (9th Cir. 2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

Plaintiff's allegations that he did not receive meals for one day are not sufficient to rise to the level of an Eighth Amendment violation.  Plaintiff's complaint does not allege that he failed to receive food adequate to maintain his health or that he suffered a sustained deprivation of food.  Plaintiff has been unable to cure this deficiency.

### C. Fourteenth Amendment

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "The Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.' " Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321–22 (1972) (per curiam)).  To state a claim, Plaintiff must allege facts sufficient to support a claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide

4

him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321–22; Shakur, 514 F.3d at 891.

Here, Plaintiff's complaint does not include any allegations regarding other similarly situated religious groups. Plaintiff's complaint also does not allege sufficient facts to demonstrate that he was denied the same opportunities as other inmates because of his religious beliefs. Plaintiff therefore fails to state an Equal Protection Clause claim.

### D. RLUIPA

Inmates' religious freedoms also are protected by the RLUIPA. However, RLUIPA does not authorize money damages against state officials, whether sued in their official or individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). Thus, Plaintiff may not maintain a RLUIPA claim for money damages.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file

///
///
///
///
///

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2018**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE