# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL,<br><br>             Plaintiff,<br><br>vs.<br><br>STU SHERMAN, et al.,<br><br>             Defendants. | Case No.: 1:17-cv-00547-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM, AND ALLOWING FOR AMENDED COMPLAINT ON FOURTEENTH AMENDMEND CLAIM<br><br>(Doc. 14) |

Plaintiff Madero Pouncil, a state prisoner at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, proceeds *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. See Doc. No. 13. Plaintiff raised claims of, among other things, a free-exercise claim under the First Amendment, a cruel-and-unusual punishment claim under the Eighth Amendment, an equal-protection claim under the Fourteenth Amendment, and a claim under RLUIPA. Id. After being twice screened, the Magistrate Judge recommended the Court dismiss all claims listed in Plaintiff's complaint without leave to amend. See Doc. No. 14.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. For the reasons that follow, the Court will (I) adopt the findings and recommendations of the Magistrate Judge as to the substance of Plaintiff's operative complaint, but (II) decline to adopt the recommendation that the complaint be dismissed with prejudice. The Court will grant Plaintiff leave to amend his complaint solely on his Fourteenth Amendment equal protection claim.

1

*Discussion*

**I.      Plaintiff may amend on his equal-protection claim**

Plaintiff is a state prisoner at SATF, and ascribes to the Muslim faith.  Doc. No. 1.  On April 18, 2017, Plaintiff filed a Complaint, alleging Defendant Lieutenant D. Lopez violated his Constitutional rights by unreasonably barring him from eating one of his evening meals, post-fast, during Ramadan.  Id.  The substance of Plaintiff's Complaint was as follows:

> On 6-19-16, at about 8:20 P.M. I was denied my 3 meals a day, by Lt. D. Lopez, during my religious observance of Ramdan [sic], while fasting. There was about seven other Muslims or more, when he was asked politely, "Could we recieve [sic] our food?" He said "No!" "Put it on paper! With a smile, we pleaded with him, "What gives you the athority [sic] to do this?" He stated, "A memo!" We stated "Show us this Memo.!" He said "I don't have to show you shit!" "Now leave!" The next night he knew he was wrong, he/Lt. D. Lopez, went out of his way to try and get the Islamic Minister to lie for him, and try to make it okay. When Staff didn't work with him, Lt. Lopez went out of his way to try and hurt staff or punished the minister too. Upon further questioning of Lt. Lopez's character, and how he carries himself, it should be noted. "That Lt. Lopez is constant in displaying a superiority complex, and has a history of going out of his way to abuse his athority [sic], discriminate, and subjugate inmates. His actions are clear cases of Deliberate Indifference.

Id.  Based on this alleged conduct, Plaintiff raised claims of, among other things, an equal-protection claim under the Fourteenth Amendment.  See Id.

Plaintiff's complaint was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  The Magistrate Judge screened the Complaint, and dismissed without prejudice.  Doc. No. 12.  As to Plaintiff's equal protection claim, the Magistrate Judge found:

> Here, Plaintiff's complaint does not include any allegations regarding other similarly situated religious groups. Plaintiff's complaint also does not allege sufficient facts to demonstrate that he was denied the same opportunities as other inmates because of his religious beliefs. Plaintiff therefore fails to state an Equal Protection Clause claim.

Id.  Plaintiff submitted his First Amended Complaint ("1AC") shortly thereafter, raising these same claims against Defendant Lopez—First Amendment, Eighth Amendment, Fourteenth Amendment, and RLUIPA.  Doc. No. 13.  The substance of the 1AC is as follows:

> On 6-19-16 while observing and participating in the fasting portion of Ramadan, it came a time to break our fast, as we had done every night prior to this particular one. Lt. D. Lopez chose to deny us/myself entry into the chow hall. We asked "Why?" He said "Because of a memo!" We said, "Show us the memo!" He refused, and said, "I don't have to show you shit! Now leave, and I'm not feeding you." Another Muslim [hollered] out, "You can't do, that! You must feed us." Lt. D. Lopez stated "I do what the fuck I want to do, if you have a problem with it, put it on paper. Have a nice night!" The next night the Imam/Muslim Spiritual Showed up. Lt. D. Lopez, went out of his way to lie to him, and try to sway him to go along with what he did, knowing he was wrong. When the Imam, didn't go along with his action and "confirmed his wrong doings." Lt. D. Lopez, went out his way to try and get the Imam fired. Lt. D. Lopez, doesn't care of about 602's/Inmate appeals, or staff complaints, because around here at S.A.T.F., they mean nothing. Staff is not corrected, or punished, and 602's are delayed and never answered.

Id.

On May 15, 2018, the Magistrate Judge issued findings and recommendations to dismiss this action, with prejudice, for the failure to state a claim upon which relief may be granted. Doc. 14. As to the equal protection claim, the Magistrate Judge found the exact same issue plagued Plaintiff's 1AC:

> Here, Plaintiff's complaint does not include any allegations regarding other similarly situated religious groups. Plaintiff's complaint also does not allege sufficient facts to demonstrate that he was denied the same opportunities as other inmates because of his religious beliefs. Plaintiff therefore fails to state an Equal Protection Clause claim.

Id. at *5.

The findings and recommendation was served that same date and allowed for filing of objections within fourteen days. Id. Plaintiff timely filed objections, dated May 29, 2018. Doc. No. 15. In his objections, Plaintiff indicated his theory of the case as to similarly-situated religious groups, as twice requested by the Magistrate Judge. Plaintiff stated that Defendant Lopez acted in a discriminatory manner "to no other group accept [sic] the Muslims." Id. at *4.

The Court agrees with the Magistrate Judge that the 1AC (as well as the original Complaint) lacked sufficient detail to indicate Plaintiff's theory of his case. Therefore, the Court will adopt the Magistrate Judge's findings and recommendations that Plaintiff's equal-protection claim, as expressed in the 1AC, be dismissed.

However, it also appears from Plaintiff's Objections to the Findings and Recommendations that he is beginning to understand the Magistrate Judge's indications that he must plead allegations regarding a "similarly situated" populations. In the Objections, Plaintiff details allegations concerning Lt. Lopez's conduct, specifically his treatment of Muslims, and alleges he "did this to no other group accept [sic] the Muslims." In light of this fact, the Court finds that dismissal with prejudice would be a harsh outcome to the disposition of his equal protection claim. Therefore, the Court will grant Plaintiff leave to amend this claim only, in order to allow him the chance to properly express the required allegations in his complaint, to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). This includes properly identifying who the other similarly situated religious groups are, and how Lt. Lopez provided those groups received opportunities that he denied Plaintiff because of his Muslim faith. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all elements of his equal protection claim. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.) ("[A]n amended pleading supersedes the original pleading."). Plaintiff must take note that, should he fail to properly allege his Fourteenth Amendment claim in the Second Amended Complaint, after twice being instructed on the proper pleading standards and required factual allegations, a dismissal with prejudice may result.

## II. The Court adopts the Magistrate Judge's recommendations on Plaintiff's remaining claims

As for Plaintiff's remaining claims—under the First Amendment, Eighth Amendment, and RLUIPA—the Court, having carefully reviewed the entire file, including Plaintiff's objections, finds the findings and recommendations be supported by the record and by proper analysis. The Magistrate Judge cited and applied the liberal pleading standard for *pro se* litigants, contrary to Plaintiff's assertions. The Magistrate Judge assumed as true that Plaintiff had missed a day of meals (as he had pleaded being denied the one meal allowed out of three during the fasting portion of a day of Ramadan), but nevertheless found that he had failed to plead sufficient facts to state a claim for these three claims. See Jones v. Williams, 791 F.3d 1023, 1031–32 (9th Cir. 2015) ("A substantial burden [in a free-exercise claim] places more than

4

an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs."); Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) ("The *sustained* deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose.") (emphasis added); Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (RLUIPA does not authorize money damages against state officials, whether sued in their official or individual capacities).  The Court finds no error in the Magistrate Judge's analysis on these claims.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, issued on June 6, 2018 (Doc. 14), are adopted in full as to the Magistrate Judge's analysis of the substance of Plaintiff's claims;
2. The First Amendment, Eighth Amendment, and RLUIPA claims are dismissed with prejudice, for Plaintiff's failure to state a cognizable claim;
3. The Fourteenth Amendment equal protection claim is dismissed without prejudice, for Plaintiff's failure to state a cognizable claim;
4. Within thirty (30) days from the date of service of this order, Plaintiff may file a second amended complaint curing the deficiencies identified by the Court in this order—as to his Fourteenth Amendment equal protection claim only; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:  August 3, 2018

_____
SENIOR DISTRICT JUDGE