# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | 1:17-cv-00547-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT STU SHERMAN AND REQUEST FOR DECLARATORY RELIEF<br><br>(ECF No. 19)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Madero Pouncil is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On May 16, 2018, the undersigned screened Plaintiff's first amended complaint and recommended dismissal for failure to state a claim upon which relief could be granted. (ECF No. 14.) Plaintiff objected. (ECF No. 15.) On August 6, 2018, the district judge dismissed Plaintiff's First Amendment, Eighth Amendment and RLUIPA with prejudice, but granted Plaintiff leave to file a second amended complaint only as to his Fourteenth Amendment equal protection claim. (ECF No. 16.) Plaintiff's second amended complaint, filed on September 17, 2018, is currently before the Court for screening. (ECF No. 19.)

///

1

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred.   Plaintiff names Warden Stu Sherman and Correctional Lieutenant D. Lopez as defendants.

2

Plaintiff is of Muslim faith, and his religion requires special meals for Ramadan that are similar to the Jewish and Christian faith inmate special meals, such as Passover, Christmas and Easter. Plaintiff alleges that on June 19, 2016, Defendant Lopez refused to allow him to obtain his religious Ramadan meals. Plaintiff also alleges that Defendant Lopez does not deny Christian and Jewish inmates their food when they are participating in their religious beliefs. Plaintiff contends that he was similarly situated to Jewish and Christian inmates, but was being treated unequally. Plaintiff further alleges that Defendant Lopez's conduct was discriminatory, and that Defendant Lopez does not deny Christian and Jewish inmates entering into the chow hall when they are participating in their special meals, such as Christmas, Easter and Passover. Plaintiff asserts that Defendant Lopez treated Plaintiff differently than Jewish and Christian inmates without any rational basis for the disparate treatment.

Plaintiff alleges a violation of the Fourteenth Amendment. He seeks declaratory relief and monetary damages.

**III.   Discussion**

**A.  Defendant Sherman**

Plaintiff's amended complaint fails to state a cognizable claim against Warden Sherman. As an initial matter, the allegations in the amended complaint do not link Warden Sherman to any constitutional violation. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's amended complaint does not link Warden Sherman to any alleged deprivation of his rights. Indeed, Plaintiff's amended complaint fails to assert any factual allegations involving Warden Sherman. As Plaintiff previously was informed, to the extent he seeks to hold Warden Sherman liable based solely on his/her supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Despite multiple opportunities to amend his complaint, Plaintiff has been unable to cure the deficiencies relative to his claims against Warden Sherman, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court will therefore recommend that Warden Sherman be dismissed from this action with prejudice.

### B. Fourteenth Amendment Claim

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "The Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.' " Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321–22 (1972) (per curiam)). To state a claim, Plaintiff must allege facts sufficient to support a claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321–22; Shakur, 514 F.3d at 891.

At the pleading stage, Plaintiff's amended complaint states a cognizable equal protection claim against Defendant Lopez.

### C. Declaratory Relief

Plaintiff's amended complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary, and the Court will recommend that Plaintiff's request for declaratory relief be dismissed from this action.

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint states a cognizable Fourteenth Amendment equal protection claim against Defendant Lopez. However, Plaintiff's amended complaint fails to state a cognizable claim against Defendant Stu Sherman or for declaratory relief. Therefore, Defendant Sherman and the request for declaratory relief should be dismissed with prejudice for the reasons explained.

Accordingly, it is HEREBY RECOMMENDED that this action proceed only on Plaintiff's Fourteenth Amendment equal protection claim against Defendant Lopez and that Defendant Stu Sherman and Plaintiff's request for declaratory relief be dismissed with prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 30, 2018**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE